UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

HOWARD LEE ADAMS,

Petitioner, Case No. 1:08-cv-1135

v. Honorable Janet T. Neff

CAROL HOWES,

Respondent.
____________________________________/

**REPORT AND RECOMMENDATION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough*, 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I. Factual Allegations

Petitioner Howard Lee Adams presently is incarcerated with the Michigan Department of Corrections and housed at the Lakeland Correctional Facility. On December 4, 2004, Petitioner pleaded guilty in the Van Buren County Circuit Court to one count of breaking and entering, MICH. COMP. LAWS § 750.110, in exhange for dismissal of another felony. On January 7, 2005, while he was awaiting sentencing on the breaking and entering conviction, Petitioner committed a home invasion, MICH. COMP. LAWS § 750.110a(2). He also was charged with misdemeanor and felony controlled substance violations. On January 18, 2005, Petitioner was sentenced to a prison term of three to ten years on the breaking-and-entering conviction. Thereafter, on January 31, 2005, Petitioner pleaded guilty to the home invasion charge in return for dismissal of the misdemeanor and felony drug charges. He was sentenced to a prison term of eight to twenty years on the home invasion charge on February 22, 2005. In the instant habeas application, Petitioner challenges both of his convictions.

Petitioner did not file a direct appeal of either conviction. According to the petition, he filed a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* on December 20, 2007. In his motion, he sought review of both convictions, challenging the effectiveness of trial counsel voluntariness of his pleas. The Van Buren County Circuit Court denied the motion for relief from judgment on December 20, 2007. Petitioner sought reconsideration, which was denied on January 5, 2008. Petitioner sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court. Both courts denied leave to appeal on the grounds that Petitioner had failed to

demonstrate entitlement to relief under 6.508(D). The supreme court order issued September 22, 2008. Petitioner filed the instant petition on or about December 1, 2008.[1]

II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[1]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his original habeas application on December 1, 2008, and it was received by the Court on December 3, 2008 Thus, it must have been handed to prison officials for mailing at some time between December 1 and December 3, 2008. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

[2]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to the amended application, Petitioner did not file a direct appeal of his conviction in either the Michigan Court of Appeals or the Michigan Supreme Court. Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*." ) (Emphasis added). Under Michigan law, Petitioner had one year from the dates of his convictions in which to file his direct appeals. MICH. CT. R. 7.205(F)(3). However, such a petitioner is not entitled to also count the 56-day period for filing an application for leave to appeal in the Michigan Supreme Court, *see* MICH. CT. R. 7.302(C)(2), or the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court of appeals, the time for filing a petition does not include the

ninety-day period for seeking certiorari in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522, 530-31(2003) (holding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255). Here, since the Supreme Court will review only final judgments of the "highest court of a state in which a decision could be had . . . ," 28 U.S.C. § 1257(a), the decision must be considered final at the expiration of the one-year period for filing a delayed application for leave to appeal in the Michigan Court of Appeals. *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003); *Kapral*, 166 F.3d at 577; *Ovalle v. United States*, No. 02-1270, 2002 WL 31379876 at *2 (6th Cir. Oct. 21, 2002) (citing *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000)). Each of Petitioner's convictions therefore became final one year after the respective judgment of conviction was entered: the breaking-and-entering conviction became final on January 18, 2006 and home-invasion conviction became final on February 22, 2006.

Petitioner had one year from the date each conviction became final, January 18, 2006 and February 22, 2006, in which to file a habeas application with respect to that conviction. Petitioner filed on December 1, 2008. Obviously, he filed more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred.

While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003) Even where the post-conviction motion raises a claim

of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d 490). Because Petitioner's one-year periods expired on January 18, 2007 and February 22, 2007, his motion for relief from judgment filed December 20, 2007 could not serve to revive the limitations period for either conviction.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001) (holding that the one-year statute of limitations set forth in § 2254 and § 2255 are subject to equitable tolling). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-009. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 127 S. Ct. at 1085 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to allege any facts warranting equitable tolling in this case. He alleges that, at the time of his plea and sentence, his attorney should have sought an independent psychological evaluation because he was under the influence of psychotropic medications and was depressed. Even assuming that Petitioner's allegations are true, they are unrelated to the time period in issue – the two-year period between his conviction and the end of his statutory period of

limitations. Moreover, the mere fact that Petitioner was being treated for some mental condition, even if that treatment corresponded to the proper time period, is insufficient in itself to warrant equitable tolling. Mental or physical illness tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period. *Price v. Lewis*, 119 F. App'x 725, 726-27 (6th Cir. 2005) (citing *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir.1996) and *Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 168-70 (S.D.N.Y. 2000)). Petitioner has made no allegations that he was actually prevented from pursuing his legal rights until he filed his motion for relief from judgment on December 20, 2007. Finally, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day*, 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Date: March 19, 2009

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).